UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KM ENTERPRISES, INC., d/b/a EMTRAC SYSTEMS,

                              Plaintiff,

v.                                                   1:11-CV-1189 (GTS/DRH)

JOAN McDONALD, in her capacity as COMMISSIONER,
NEW YORK STATE DEPARTMENT OF TRANSPORTATION,

                              Defendant.
_____

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

       The Court has carefully considered Plaintiff's Motion for a Temporary Restraining Order by Order to Show Cause under Fed. R. Civ. P. 65(b)(1) and Local Rules 7.1(f) and (e) of the Local Rules of Practice for this Court (Dkt. No. 5), and has concluded that Plaintiff has not shown cause for the relief requested. More specifically, the Court finds as follows:

      (1)     Based on the current record, Plaintiff has not established the requirement for the issuance of an Order to Show Cause under Fed. R. Civ. P. 65(b)(1)(B), and Local Rules 7.1(f) and (e). In particular, Plaintiff has not submitted an affidavit "clearly and specifically showing good and sufficient cause why the standard Notice of Motion procedure cannot be used" with regard to its Motion for a Preliminary Injunction. N.D.N.Y. L.R. 7.1(e). Rather, Plaintiff has submitted the affidavit of its counsel asserting merely that "the first delivery of equipment under the contract the subject of this lawsuit [sic] was due on or about October 4, 2011. The issues involving temporary restraining order . . . *may* be jeopardized if delay

is allowed pending a hearing on a Notice of Motion." (Dkt. No. 5, Attach. 2, at ¶ 4 [emphasis added].) Not only did the referenced "jeopard[y]" occur eight days *before* the date on which the motion was filed (with the subsequent deliveries of equipment presumably to occur at unspecified times thereafter), the referenced "jeopard[y]" is vague and speculative.

(2) Based on its current record, Plaintiff has not established a likelihood of irreparable harm if a Temporary Restraining Order is not issued between the date of this Decision and Order and the date of a hearing (and decision) on its Motion for a Preliminary Injunction. For example, Plaintiff has not sufficiently persuaded the Court that the harm that Plaintiff would suffer (in the absence of a Temporary Restraining Order) is both non-speculative in nature and unable to be remedied through the subsequent granting of a preliminary injunction.[1]

(3) In the alternative, Plaintiff has not sufficiently persuaded the Court that there exists either (a) a likelihood of success on the merits of its case, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor.[2] For example, Plaintiff has

---

[1]  *Cf. Airplane Mfg. Pilots Ass'n v. The Boeing Co.*, 09-CV-0772, 2009 WL 1793426, at *4 (W.D. Wash. June 22, 2009) (denying plaintiff's motion for a temporary restraining order because, *inter alia*, plaintiff "has not demonstrated the type of irreparable injury that could not be remedied by a favorable arbitration award").

[2]  For the sake of brevity, the Court will assume, in this Decision and Order, that Plaintiff's Motion for a Temporary Restraining Order is not governed by the more-restrictive standard governing a Motion for a Temporary Restraining Order seeking to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme. *See Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989) (noting that the movant may satisfy the second prong of the preliminary injunction test only by meeting the higher "likelihood of success" standard if it seeks to stay "governmental action taken in the public interest pursuant to a statutory or regulatory scheme"); *but see Time Warner Cable of New York City v. Bloomberg L.P.*, 118 F.3d 917, 923-24 (2d Cir. 1997) (noting that, where "there are public interest concerns

not sufficiently persuaded the Court that, under the circumstances, (a) Plaintiff's reliance on the Federal Aid Highway Act (and/or its promulgating regulations) is not in actuality an attempt to improperly assert a private cause of action under the statute (and/or regulations), (b) Plaintiff possesses a property right that was both protected by the Fourteenth Amendment and violated by Defendant,[3] and (c) Defendant has waived its sovereign immunity sufficient to grant Plaintiff the relief it requests.

(4)   However, based on the evidence adduced thus far, the Court finds it appropriate to issue an expedited briefing schedule on Plaintiff's Motion for a Preliminary Injunction, as described below.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Motion for a Temporary Restraining Order by Order to Show Cause (Dkt. No. 5) is **DENIED**; and it is further

**ORDERED** that decision is **RESERVED** on Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 5); and it is further

---

on both sides" and the injunction is not sought to prevent the exercise of governmental regulatory authority, the movant may satisfy the second prong of the preliminary injunction test through the lower "serious questions" standard).

   [3]   *See, e.g., Marianaccio v. Boardman*, 02-CV-0831, 2005 WL 928631, at *10 (N.D.N.Y. Apr. 19, 2005) (McCurn, J.) (granting summary judgment for Commissioner of NYS Dept. of Transportation on plaintiff's Section 1983 claim against Commissioner in his official capacity requesting injunctive relief, due to lack of admissible record evidence establishing that governmental entity's policy or custom played a part in the alleged violation of federal law); McKinney's Highway Law § 38(3) ("The contract for the construction or improvement of such highway or section thereof shall be awarded to the lowest *responsible* bidder, *as will best promote the public interest*.") [emphasis added]. (*See also* Dkt. No. 5, Attach. 1, at 20-21 [Ex. B to Plf.'s Memo. of Law, attaching document prepared by Hinck Electrical Contractors explaining why it did not select Plaintiff as subcontractor].)

**ORDERED** that Plaintiff shall serve on Defendants a copy of the Summons and Complaint and this Decision and Order, together with a copy of any motion papers not previously served upon Defendants, via overnight mail or overnight delivery service such as Federal Express or the equivalent on or before **5:00 pm on OCTOBER 15, 2011**, and promptly thereafter electronically file a Certificate of Service with the Court.  Notwithstanding the above-described service, Plaintiff shall also serve on Defendants a copy of the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, and file a Certificate of Service; and it is further

**ORDERED** that Defendants' response papers to Plaintiff's motion for a preliminary injunction, if any, are to be electronically filed and served by **OCTOBER 20, 2011**; and Plaintiff's reply to any responses shall be electronically filed by **OCTOBER 24, 2011**; and it is further

**ORDERED** that the attorneys are directed to file any witness list and exhibit list by **OCTOBER 25, 2011**. Exhibits must be pre-marked, beginning with "P-1" for Plaintiff and "D-1" for Defendant.  In the event that the Defendants are represented by different attorneys, then the exhibits shall be begin with "M-1" for Defendant McDonald and "NY-1" for Defendant NYS Department of Transportation.  A complete set of marked exhibits should be brought on the day of the hearing for the Judge and for opposing counsel; and it is further

**ORDERED** that a Hearing on Plaintiff's Motion for a Preliminary Injunction shall occur at **9:30 A.M. on OCTOBER 27, 2011**, in Courtroom # 4 of the Federal Building, Syracuse, New York, before the undersigned.

Dated: October 13, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

4